**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TERRY REED,**

                 **Petitioner,**

            **v.**                           **Civil No. 9:00-CV-1177**
                                                 **(GLS/RFT)**

**SUPERINTENDENT DUNCAN,**

                 **Respondent.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PETITIONER:**

TERRY REED
Petitioner, *Pro Se*
97-B-0929
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

**FOR THE RESPONDENT:**

HON. ANDREW CUOMO            G. LAWRENCE DILLON
Office of the Attorney General     Assistant Attorney General
Utica Office
207 Genesee Street
Utica, New York 13501

**Gary L. Sharpe**
**U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER

After Terry Reed filed a *habeas corpus* petition challenging his New York State conviction and sentence for attempted murder in the second degree, *see Dkt. No. 1*; *see also* 28 U.S.C. § 2254, his petition was referred to Magistrate Judge Randolph F. Treece for report and recommendation.  *See* 28 U.S.C. § 636(b)(1)(A) & (B); Rules 8 & 10 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. § 2254; N.D.N.Y. R. 72.3(c).  Subsequently, Judge Treece issued a report recommending that the petition be denied.  *See Report-Recommendation ("R&R"), Dkt. No. 45*.[1]

Broadly construing Reed's petition, Judge Treece concluded that it raised the following issues:  (1) the propriety of Reed's appellate waiver; (2) the voluntariness of his plea; (3) whether the sentence imposed was excessive and unduly harsh; (4) whether Reed's motion to vacate his plea was improperly denied; (5) whether Reed was competent to stand trial and enter a plea; (6) whether the prosecutor failed to disclose exculpatory evidence; (7) whether Reed's trial counsel was ineffective; and (8) whether Reed was afforded a speedy trial.  *See id.*  In his report, Judge Treece

---

[1]The Clerk is directed to append the Report-Recommendation to this decision, and familiarity is presumed.  *See Dkt. No. 45*.

2

observed that it was likely that substantive consideration of these claims was foreclosed by the doctrines of exhaustion and procedural default.  *See id.*  Nonetheless, he presumed exhaustion and addressed the merits of each.  *See id.*  Ultimately, Judge Treece concluded that all claims lacked merit and recommended that Reed's petition be denied.  *See id.*

Reed has now filed timely objections to Judge Treece's report.  *See Dkt. Nos. 46, 50.*  Although timely, the objections do not specifically address Judge Treece's factual and legal conclusions.  Instead, Reed has simply repeated the facts and arguments contained in his original petition.  His objections contain no new analysis or arguments, nor do they cite authority in support of what are otherwise mere conclusory claims.  Reed also objects to Judge Treece's observation concerning his failure to exhaust.  S*ee Dkt. No. 50.*  That objection is irrelevant, however, because Judge Treece presumed exhaustion and considered the merits of the claims.  Given the inadequacy of Reed's objections, he has procedurally defaulted.  *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049 (N.D.N.Y. Jan. 18, 2006).  Accordingly, the court has reviewed Judge Treece's report and recommendation for clear error.  *See Almonte*, 2006 WL 149049, at *6. Having discerned none, the court adopts the report

and recommendation in its entirety.

**WHEREFORE**, and for the reasons stated, it is hereby

**ORDERED** that Reed's application for *habeas corpus* relief is **DENIED** and his petition is **DISMISSED**; and it is further

**ORDERED** that the clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

January 12, 2007
Albany, New York

                                               Gary L. Sharpe
                                               U.S. District Judge